**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7424

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN ANTONIO HUNTER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00442-TDS-1)

Submitted:  December 17, 2021                    Decided:  February 8, 2022

Before KING and DIAZ, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Juan Antonio Hunter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Antonio Hunter, a federal prisoner, appeals from the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. Hunter moved for immediate compassionate release based on his many health conditions, including a Type B aortic dissection, hypertension, acute kidney injury, hypoxia, and stage three chronic kidney disease. Hunter's motion was also predicated on his particular susceptibility to serious illness should he contract COVID-19. Although the district court assumed Hunter's medical conditions constituted "extraordinary and compelling reasons" for compassionate release, 18 U.S.C. § 3582(c)(1)(A)(i), the court denied Hunter's motion after an assessment of the 18 U.S.C. § 3553(a) factors. For the reasons explained below, we vacate and remand.

We review for abuse of discretion the district court's denial of Hunter's compassionate release motion. *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). A district court also abuses its discretion "when it ignores unrebutted, legally significant evidence." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 171 (4th Cir. 2019) (internal quotation marks omitted).

2

We conclude that the district court abused its discretion in denying Hunter's compassionate release motion for two reasons. First, the district court erroneously stated that the Government opposed Hunter's motion. The Government did not oppose the motion; rather, the Government deferred to the district court as to whether Hunter's early release was appropriate in light of his significant health problems. Second, the district court's ruling that Hunter still poses a danger to the community did not account for the potentially lifelong physical limitations that Hunter will experience as a result of his aortic dissection. Indeed, the district court failed to acknowledge that Hunter's violent conduct both inside and outside of prison—on which the court based its future dangerousness ruling—occurred before he suffered the aortic dissection. Accordingly, we will vacate the district court's order and remand for further proceedings.

On remand, the district court should also more thoroughly assess Hunter's argument concerning his particular susceptibility to serious illness should he contract COVID-19. Although the district court acknowledged that Hunter's compassionate release motion was predicated in part on the COVID-19 pandemic, the court dismissed Hunter's reliance on the pandemic because he refused to be vaccinated. However, Hunter has represented on appeal that he received the COVID-19 vaccine after the district court entered its order.

We therefore vacate the district court's order denying Hunter's compassionate release motion and remand for further proceedings. By this disposition, we express no view as to the ultimate merits of Hunter's compassionate release motion. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*